**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

LEON TROTTER and RAMICA TROTTER,

       Plaintiffs,

v.

COCA-COLA ENTERPRISES, INC.,

       Defendant.

_____/

Case No. 07-13358

HON. MARIANNE O. BATTANI

**OPINION AND ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT**

**I.    INTRODUCTION**

Before the Court is Defendant Coca-Cola Enterprises, Inc.'s (Coca-Cola) motion for summary judgment. (Doc. 26). Plaintiffs Leon Trotter and Ramica Trotter have filed a complaint alleging that Leon Trotter (hereinafter referred to as Trotter) was an invitee upon a premises owned by Coca-Cola when he slipped and fell on black ice, causing him to suffer significant injuries. Therefore, the complaint asserts that Coca-Cola violated its duties to invitees on its property. Coca-Cola argues that summary judgment is appropriate because Trotter has failed to present evidence indicating (1) that ice caused him to fall; (2) that Coca-Cola knew or should have known of the alleged black ice; and (3) that the hazard was not open and obvious. Following a hearing, the Court has determined that the ice that caused Trotter's fall was open and obvious under Michigan law. Accordingly, the Court will grant Coca-Cola's motion for summary judgment.

## II. STATEMENT OF FACTS

Trotter, a Michigan resident and truck driver for Buske Howard, delivered Coca-Cola throughout Michigan. Through his work, Trotter became familiar with Coca-Cola's Flint distribution center, which he stated had more significant problems with snow and ice than most of the other parking lots he encountered. On November 17, 2005, Trotter arrived at the Flint facility between 6:00 and 7:00 am. It was still dark at the time, and it had been snowing through the night. A mixture of slush and water was on the parking lot. Trotter pulled his truck into the loading dock. Although there was no cover over the loading dock and it was dim because there was no lighting, Trotter testified that the surface of the loading ramp looked clean. Nevertheless, Trotter fell on the loading ramp as he got out of the truck. Trotter got up from his fall and looked at the ground to see if there was anything slippery, but did not see anything. Trotter then slipped again as he tried to pick up some things he had dropped, but he did not fall this time.

Trotter went inside the building to wait for his truck to be prepared for him to leave. Once his truck was ready, he returned to his truck with two Coca-Cola employees, Grady Walker and Jesse Peoples. Trotter stated that he showed them where he fell, and "Walker stepped down to see if it was slippery in that area and it was." When Trotter returned to his truck, "[t]he parking lot, it look[ed] like this table, clean. . . . We looked at the ramps, where the truck was and where I fell and [there were] no visible sign[s] of ice or debris, nothing. . . . It appeared to be a little moist out there but not slippery. . . . Or icy." Trotter stated that he did not have to put his hand on the ground to see if there was any ice because Walker started sliding while he was

2

standing there. Trotter also stated that he knew he had slipped on ice because he felt the ice under his feet when he fell.

Trotter then drove his truck to Grand Rapids, but, upon arriving, he could not get out of the truck. Trotter experienced significant pain that started in his back, shot through his buttocks into his groin, and then went down his right leg to his toes.

Weather records from the time of Trotter's injury indicate that light snow started the prior day around three o'clock in the afternoon. The snow continued through the night until the time of Trotter's injury, but there was no accumulation. In addition, the temperature fell from 32 degrees until it was between 24 and 25 degrees at the time of Trotter's injury.

### III. STANDARD OF REVIEW

Federal Rule of Civil Procedure 56(c) authorizes this Court to grant summary judgment "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." There is no genuine issue of material fact if there is not a factual dispute that could affect the legal outcome on the issue. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). In determining whether to grant summary judgment, this Court "must construe the evidence and draw all reasonable inferences in favor of the nonmoving party." Hawkins v. Anheuser-Busch, Inc., 517 F.3d 321, 332 (6th Cir. 2008). However, "[w]hen a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must--by affidavits or as

otherwise provided in this rule--set out specific facts showing a genuine issue for trial." Fed.R.Civ.P. 56(e)(2).

**IV.     ANALYSIS**

A landowner owes a legal duty "to exercise reasonable care to protect invitees from an unreasonable risk of harm caused by a dangerous condition of the land that the landowner knows or should know the invitees will not discover, realize, or protect themselves against." Bertrand v. Alan Ford, Inc., 449 Mich. 606, 609 (1995). Because a landowner's duty is to protect invitees from unreasonable risks of harm, landowners are not the "absolute insurers of the safety of their invitees." Id. at 614.

Landowners are generally not required to protect an invitee from hazards that are "open and obvious." Lugo v. Ameritech Corp., 464 Mich. 512, 517 (2001). But, if an open and obvious hazard has special aspects making it unreasonably dangerous, the landowner does have a duty to undertake reasonable precautions to protect invitees. Id. In determining whether a hazard is open and obvious, courts must ask, "Would an average user with ordinary intelligence have been able to discover the danger and the risk presented upon casual inspection? That is, is it reasonable to expect that the invitee would discover the danger?" Novotney v. Burger King Corp., 198 Mich. App. 470, 475 (Mich. Ct. App. 1993).

In Kenny v. Kaatz Funeral Home, Inc., the Michigan Supreme Court reversed a Court of Appeals' decision holding that black ice underneath snow in a parking lot was not an open and obvious condition. 472 Mich. 929 (2005). The Michigan Supreme Court stated that it was reversing the Court of Appeals's decision for the reasons stated

4

in the Court of Appeals's dissenting opinion. The Court of Appeals's dissenting opinion said that, where the plaintiff observed other people holding onto cars for support as they walked and where the plaintiff was a lifelong Michigan resident, black ice underneath snow in a parking lot was an open and obvious condition. Kenny v. Kaatz Funeral Home, Inc., 264 Mich. App. 99, 119-120 (Mich. Ct. App. 2004) (Griffin, J. dissenting). The Michigan Court of Appeals subsequently considered Kenny, and held "as a matter of law that, by its very nature, a snow-covered surface presents an open and obvious danger because of the high probability that it may be slippery." Ververis v. Hartfield Lanes, 271 Mich. App. 61, 67 (Mich. Ct. App. 2006).

The Michigan Court of Appeals recently declined to extend the open and obvious doctrine to black ice that was not visible upon casual inspection, noting that there were no "other indicia of a potentially hazardous condition." Slaughter v. Blarney Castle Oil Co., No. 283266 (Mich. Ct. App. Nov. 6, 2008). The court went on to note that there was no snow on the ground, it had not snowed in the past week, and it was just beginning to rain when the Plaintiff fell. Id. Accordingly, the court ruled that there was a genuine issue of fact concerning whether the black ice was open and obvious.

In light of the Michigan caselaw, it appears that the slush Trotter observed in the parking lot, combined with the freezing temperatures and snowy conditions, made the danger of slipping on ice an open and obvious hazard. Id. Plaintiff's counsel conceded as much when, during oral argument on Defendant's motion for summary judgment, he

5

stated that this case would be controlled by <u>Kenny</u> if not for the lack of light on the loading ramp at the time of Trotter's fall.[1]

The lack of light at the time of Trotter's fall, however, does not distinguish this case from the Michigan caselaw finding ice to be open and obvious. First, in <u>Kenny</u>, the plaintiff testified that the parking lot was dark when she fell. 264 Mich. App. at 101. Therefore, the fact that the loading ramp in this case was dark does not distinguish this case from <u>Kenny</u>. Second, the facts that indicated there was a potentially hazardous condition—the freezing temperatures, falling snow, and slush and water on the parking lot—would not have been significantly less obvious to Trotter because of the lack of light. This is particularly true here, because Trotter approached the scene of his fall while driving his truck, which presumably had its lights turned on. Thus, this Court finds that the risk of ice was open and obvious under Michigan law. <u>See id.</u>; <u>Ververis</u>, 271 Mich. App. at 67; <u>see also</u> <u>Hodgins v. Crossbow Inn, Inc.</u>, No. 278340, 2008 WL 2439887 (Mich. Ct. App. June 17, 2008) (unpublished opinion holding that black ice was open and obvious where (1) it was raining, (2) the temperature was below freezing, (3) there was snow piled on the edges of the parking lot, (4) there was no snow covering the black ice, and (5) plaintiff had lived in Michigan for many winters). Therefore, Coca-Cola did not have a duty to protect Trotter from the hazard. <u>See</u> <u>Lugo</u>, 464 Mich. at 517.

---

[1] There was evidence that it was still dark and that the loading ramp had no lighting when Trotter fell.

Accordingly, the Court **GRANTS** Defendant's motion for summary judgment.

**IT IS SO ORDERED.**

                                              s/Marianne O. Battani
                                              MARIANNE O. BATTANI
                                              UNITED STATES DISTRICT JUDGE

DATED: November 14, 2008

## CERTIFICATE OF SERVICE

Copies of this Order were served upon counsel of record on this date by ordinary mail and/or electronic filing.

                                              s/Bernadette M. Thebolt
                                              DEPUTY CLERK